# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CHAVEZ,<br><br>          Plaintiff,<br><br>   v.<br><br>SGT. CARLOS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00744-AWI-SKO PC<br><br>ORDER DENYING MOTION TO DISMISS AS MOOT AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Docs. 23 and 25) |

     Plaintiff Carlos Chavez, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 21, 2009. Defendants filed a motion to dismiss on July 27, 2011. Plaintiff did not respond to the motion and the Court determined that it had been served at an address different than Plaintiff's address of record with the Court. Therefore, on August 31, 2011, the Court issued an order requiring Defendants to re-serve their motion to dismiss on Plaintiff at his address of record and requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion within thirty days from the date of re-service. Defendants re-served their motion and filed certificate of service on September 1, 2011. More than thirty days have since passed and Plaintiff has not filed a response to Defendants' motion to dismiss or otherwise contacted the Court.

     The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious

1 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
2 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
3 of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
4 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court
5 in deciding what to do and are not conditions that must be met in order for a court to take action.
6 Id. (citation omitted).

   Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the
Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action,
which has been pending since 2009, requires Plaintiff's cooperation in its prosecution, the action
cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant
resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in
continuing the litigation.  Id.

   Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute
and Defendants' motion to dismiss is DENIED as moot.  In re PPA, 460 F.3d at 1226; Local Rule
110.

IT IS SO ORDERED.

Dated:     October 24, 2011                                              
                                              CHIEF UNITED STATES DISTRICT JUDGE